**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN STEPHEN KISSELL,

    Defendant - Appellant.

No. 20-3162
(D.C. No. 5:18-CR-40001-HLT-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.[**]
_____

This matter is before the court on the parties' *Joint Motion to Vacate and Remand*.

The parties jointly move this court to vacate Appellant John Stephen Kissell's

sentence in light of Borden v. United States, 2021 WL 2367312 (S. Ct. June 10,

2021) (holding that criminal offense that requires only a mens rea of recklessness

cannot count as a "violent felony" under the Armed Career Criminal Act), and to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] Because this matter is being decided on a joint motion to vacate and remand to the district court, the panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

remand to the district court for further proceedings. The parties agree that Borden resolves this appeal in Mr. Kissell's favor.

Upon consideration, the *Joint Motion to Vacate and Remand* is granted. This matter is remanded with instructions to vacate Mr. Kissell's sentence and conduct further proceedings necessary to resentence him in accordance with Borden.

The Clerk is directed to issue the mandate forthwith.

Entered for the Court

Per Curiam

2